Dear Mr. Stricks:
On behalf of the St. John the Baptist Indigent Defenders Board you have requested an opinion of this office regarding the appropriate methods by which the Board can dispose of excess and unusable property belonging to the Board, including computer cases, computer keyboards, monitors, printers, chairs, old signs, office cubicle partitions, desks, and a soon to be replaced telephone system. You state that inquiries to the Louisiana Property Assistance Agency resulted in an offer to sell surplus items that are not "junk". Specifically, you ask what process or procedure must the Board follow in disposing of the surplus property, including the "junk".
This issue has previously been addressed by our office in Opinion Nos. 00-461 and 98-352. In these opinions, a local municipality and a parish assessor inquired as to how to dispose of obsolete computers and/or office equipment. It was the opinion of our office that municipalities and political subdivisions should follow the procedures outlined in LSA-R.S. 33:4712(F) or LSA-R.S. 49:125 to dispose of surplus movable property.
La. R.S. 33:4712 (F) authorizes a municipality to sell movable property, which has an appraised value of $5,000 or less, at private sale provided there is a resolution passed which gives the reasons for the action and setting therein the minimum price and terms of the sale. In addition, notice of the resolution and proposed sale must be published at least 15 days prior to the date of the sale and the sale must be made to the highest bidder. Prior opinions of our office have stated that political subdivisions such as the Indigent Defenders Board are authorized to use the sale procedures set forth in R.S. 33:4712. See Ag. Op. Nos. 92-606 and 03-0056.
La. R.S. 49:125 allows for the sale of surplus movable property at public auction by any political subdivision of the state. The statute authorizes the public entity to employ a qualified licensed auctioneer to handle the sale. The sale must be advertised and no sale shall be at a price less than is required by law with the public entity reserving the right to reject any and all bids and remove the item from the sale. *Page 2 
If the surplus property does not sell, despite minimal pricing, when offered for sale pursuant to La. R.S. 33:4712 (F) or at a public auction conducted pursuant to La. R.S. 49:125, then the surplus property is deemed to have no value and it is our opinion that the property may be then be discarded.
The Board may also sell the surplus movable property to another public entity through an intergovernmental agreement as provided by R.S. 33:1321 et seq., the "Local Services Law". These statutes provide for the purchase of surplus materials and supplies by one public entity from another without the other public entity going through a public auction or public bid process. However, the transfer must be for a price that is commensurate to the value of the surplus property.
Therefore, it is the opinion of our office that the St. John the Baptist Parish Indigent Defenders Board must follow one of the procedures outlined above for the disposal of surplus movable property. If the property does not sell, even at minimal pricing, the Board may discard the property as having no value.
If you have any questions or comments, please do not hesitate to contact our office.
With kindest regards,
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 By: __________________________ RICHARD L. McGIMSEY Assistant Attorney General
CCF, JR/RLM/jv
 ATTACHMENT
ATTACHMENT